UNITED  STATES  DISTRICT  COURT          SOUTHERN  DISTRICT OF  TEXAS

| | | |
|---|---|---|
| Quality Infusion Care, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-08-779 |
| | § | |
| Health Care Service Corporation, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1.    *Introduction.*

An insurance company overpaid a healthcare company for patient claims, and it withheld payments of later claims as a setoff. The healthcare company has sued to recover the setoff.  Having no legal basis to block the insurer's use of setoff, the healthcare company will lose.

2.    *Background.*

Quality Infusion Care supplies health care.  Health Care Service Corporation, doing business as Blue Cross and Blue Shield of Texas, an insurer, overpaid Quality on claims.  Blue Cross offset these debts by withholding amounts from Quality's later claims, involving different patients and different benefit plans.  Quality is suing Blue Cross for that withholding on 284 claims, involving both government and private plans.  The parties have agreed to rely on a sample of six claims.

3.    *Assignment and Offset.*

Quality accepted a general assignment of the benefits from the patients' healthcare plans for each claim.  It says that each overpayment belongs to the patient and can only be recouped in a transaction with the same patient.  Of course, the amount owed on the patients' behalf is solely determined by the terms of the plan.  29 U.S.C. § 1191(a) (2006).

Through the plans, patients paid Blue Cross for health insurance.  The patients also contracted with the doctors for treatment.  As a condition of treatment, patients assigned payments owed them by Blue Cross to the doctors.  After the assignments, Blue Cross and Quality were each indebted to the other, not to individual patients or individual plans.  Blue Cross had a bundle of debts and credits arising under its insurance.  Quality – not patients – submitted claims to Blue Cross.  Blue Cross paid Quality – not patients.  By assignment, Quality became the proper payee of Blue Cross's plan authorizations and the proper payor of Blue Cross's adjustments.

4.     *Government Plans.*

Claims 89, 126, and 228 involve a plan of the board of trustees of the Employment Retirement System of Texas with Blue Cross as administrator.  The plan allows Blue Cross to adjust benefit payments from either the plan participant or the service.  Blue Cross stands in the place of the government as the plan's administrator.

Quality says that the offsets unjustly enrich Blue Cross because Blue Cross was already compensated for the overpayments by the government.  If unjust, no justice allows Quality to garner the overcharge, inflicting the injustice itself.  It has no standing to adjudicate, nor evidence to support, the claims of third parties.  Refunds potentially owed to the government because of Blue Cross's recovery as an offset are an issue for Blue Cross and the trustees for Texas, not Quality.

Claim 217 arises from a Blue Cross plan by the board of directors of the Texas Health Insurance Risk Pool.  This plan allows recovery of overpayment from "any other appropriate person."  The board delegated plan administration, including offsets, to Blue Cross.  If a refund is owed to the government by Blue Cross, it is again not Quality's dispute.

Further, recoupment for claims 126 and 217 was proper even though it was more than 180 days after the overpayment. Only health maintenance organizations and insurers have that limit. TEX. INS. CODE §§ 843.350, 1301.132.  Plans for Texas government employees are exempt from insurance laws unless the plan or Texas law says otherwise.  TEX. INS. CODE §§ 1551.209.

5.   *Private Plans.*

Claim 155 is a fully-insured plan with the policy underwritten and administered by Blue Cross. This plan says that Blue Cross may pursue a refund for overpayment from anyone – the payee, insurance company, hospitals, physicians, or otherwise. If no refund has been received, the plan allows deductions from any future benefits.

Recovery of overpayment is lawful. TEX. INS. CODE §§ 843.350, 1301.132. It includes the 180-day limit. Blue Cross requested a refund for overpayment on claim 155 within the 180-day period. Offsetting claim 155 was proper.

Claim 278 is the only fully-insured plan with a refund request made more than 180 days after the overpayment. Blue Cross has returned the set-off amount to Quality, mooting it.

6.   *Conclusion.*

Quality seeks to recover payments to which it is not entitled by arguing lack of mutuality between patients and the plan obligor. Quality's arguments are contradicted by both the assignments of benefits and the language of the plans. The accounts and their adjustments are governed by ordinary commercial law. The amounts payable to beneficiaries are determined by Blue Cross' plans. If the amounts sought exceed individual coverage in the plans, Blue Cross is immune from suit. Quality will take nothing from Blue Cross.

Signed on February 24, 2009, at Houston, Texas.

Lynn N. Hughes          USDJ
United States District Judge